[No. 26062. Department One. August 10, 1936.]

*In the Matter of the Estate of* ANNA M. BRADLEY, *Deceased.*

ELEANOR GALE, *Appellant,* v. JOHN C. GRAHAM, *as Executor, Respondent.*[1]

*Hogan & Adams,* for appellant.

*L. B. Donley,* for respondent.

TOLMAN, J.—This is a will contest, based upon allegations of want of testamentary capacity and of undue influence. The trial court reached the conclusion that the proof failed to establish either contention and entered judgment dismissing the contest. From that judgment, this appeal is prosecuted.

[1] Reported in 59 P. (2d) 1129.

The errors assigned, for the most part, raise questions of fact only.

The testatrix, Anna M. Bradley, died February 1, 1935, in her ninetieth year. Her will was executed practically a month before her death and, perhaps, two weeks before she took to her bed with her final illness. Her husband died a little more than six months before her death, leaving to her, by will, his interest in their community estate, which estate amounted to ninety thousand dollars. The couple had no children. Mr. Bradley seems to have had no near relatives, and Mrs. Bradley had none nearer than three nieces, the daughters of a deceased brother, and their children, all of whom lived in the state of Illinois.

Mrs. Bradley had suffered from pernicious anaemia and from arterio-sclerosis for three or four years. Both diseases are incurable and are progressive in their nature, though neither necessarily affects the mentality of the sufferer to any marked degree.

The will which is attacked makes provision for the nieces and their children, for a number of friends and people with whom the testatrix or her husband had had business relations, and for a church organization. The one outstanding and unusual feature is that the will leaves the bulk of the estate to one Hattie M. Peterson, a widow in middle life, who was wholly unknown to the testatrix until a time less than three months before the will was executed. At that time, Mrs. Peterson, an entire stranger, was employed by Mrs. Bradley as a housekeeper, personal maid and companion, and, perhaps, somewhat as a practical nurse. From the time of the employment until Mrs. Bradley's final illness developed, Mrs. Peterson lived with and cared for her and was her sole companion except as friends and neighbors might occasionally call.

The evidence is voluminous, and we shall not encumber our reports by discussing it in detail. We consider it sufficient to say that we have read all of the evidence with painstaking care, much of it from the statement of facts, in order better to weigh and measure it. From that study, we are clearly convinced that the trial court reached the correct conclusion upon the question of testamentary capacity.

On the question of undue influence we have the short acquaintance and the wide open opportunity which, coupled with the unusual and, perhaps, unnatural preference of one so recently introduced into the life of the testatrix, does afford ground for suspicion, but not more. No word of evidence was produced pointing to undue influence, either directly or indirectly. Every person supposed to entertain such a purpose was produced, examined, and exhaustively cross-examined, without the establishment of a single fact indicating the actual use of undue influence by any one. On the contrary, each of the witnesses who had opportunity to use influence and who might benefit thereby, clearly and strongly denied using any influence of any character upon the testatrix. Their personal demeanor and manner, coupled with the testimony so given, convinced the trial court. Since suspicion is not enough (*In re Patterson's Estate,* 68 Wash. 377, 123 Pac. 515) there is no basis upon which we can say that the evidence preponderates against the fact as found by the trial court.

Error is assigned upon a number of rulings rejecting offered evidence. In a case of this kind, a wide latitude should be allowed. Just how wide, is largely within the discretion of the trial court. Assuming, without deciding, that the rejected evidence, or some part of it, should have been received, still, from the offers of proof made, it is apparent that, had all

that was offered been received, the result would have been the same. If there was error at all, the error was without prejudice.

■ The paragraph of the will which named Mrs. Peterson as residuary legatee reads:

"All the rest, residue and remainder of my property, of whatsoever character, real, personal or mixed, being and remaining after payment of the specific bequests hereinbefore set forth, I give, devise and bequeath unto my dear friend and companion Hattie M. Peterson of Aberdeen, Washington, and further direct that during the period of probate of my estate that the executor of this my last will and testament give to the said Hattie M. Peterson the use and occupancy of my home and that reasonable allowance be made her for the care thereof during that period; she *must* take good care of my dear cats, Sister, Daddy Bimbow, Jimmy John and Tricksey."

It is argued that the last clause of the quoted paragraph implies an intention to set up a trust in favor of the cats, or, in other words, that the paragraph as a whole should be construed to mean that the residue of the estate was left to Mrs. Peterson in trust for the cats.

"Precatory or recommendatory words will create a trust if they are sufficiently imperative to show that it is not left discretionary with the party to act or not, and if the trust is otherwise sufficiently declared, but they will create a trust only when it clearly appears that such was the intention of the settlor; but a mere expression of a wish is not enough, and indefinite and unsatisfactory expressions of a mere intention will not suffice as a declaration of trust when the deed is absolute." 65 C. J. 270.

This court has considered the subject of precatory trusts in *Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894, and there pointed out the necessity of certainty as to

the property to be subjected to the trust, as well as the certainty required on all other features.

Here, we think that reading the entire paragraph of the will, as quoted, no one could reasonably say that it was the intent of the testatrix that the entire residue of the estate should be expended for the benefit of cats alone. Quite to the contrary, the bequest to Mrs. Peterson is absolute and unqualified in its terms. She is described as "my dear friend and companion," and it is apparent that the testatrix intended that she should benefit from the bequest. By no known process of reasoning can the language be made to mean that any certain sum or part of the bequest was intended for the cats, and therefore the direction to take good care of the cats, though imperatively worded, imposed no obligation except as it may appeal to the discretion and good will of Mrs. Peterson. In other words, the testatrix relied upon her dear friend and companion to comply with her request, or command, to care for her cats.

Finding no prejudicial error, the judgment is affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.